UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS,

                Plaintiff,

      -against-

UNITED STATES OF AMERICA,

                Defendants.

23-CV-8338 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On September 11, 2023, Plaintiff filed this action *pro se*, seeking leave to proceed *in forma pauperis* (IFP). Shortly thereafter, on September 28, 2023, the Court dismissed this action without prejudice, on the ground that Plaintiff already had a substantially similar action pending in this court, *Williams v. United States*, No. 23-CV-8300 (S.D.N.Y.) (filed on September 11, 2023, in the Western District of New York, and transferred to the Southern District of New York). In the order of dismissal, the Court also noted that at the time that Plaintiff brought this action, he was already barred, under 28 U.S.C. § 1651, from filing any new action in this court *in forma pauperis* without first obtaining from the court permission to file, *Williams v. United States*, ECF 1:20-CV-3101, 5 (S.D.N.Y. July 30, 2020), *appeal dismissed*, No. 20-3138 (2d Cir. Oct. 22, 2020) (dismissal effective Nov. 12, 2020), which he had not sought or obtained.

      On October 10, 2023, Plaintiff filed a "motion to reopen" in which he challenged the September 28, 2023 order of dismissal. The Court liberally construes this submission as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A party who moves to alter or amend a judgment Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters in dismissing this action without prejudice to his substantially similar action seeking the same relief. Plaintiff asserts that "both cases were rule 60(b)(4) motions [challenging his conviction] but they weren't identical." (ECF 5 at 1.) He states that in this action, which was closed in favor of the case with the lower docket number (23-CV-8300), his petition was "updated" and he had used "the correct IFP form for the S.D.N.Y." (*Id.*)[1] Because Plaintiff does not show any basis for relief, the Court denies Plaintiff's motion under Rule 59(e).

## CONCLUSION

Plaintiff's motion for reconsideration is denied, and the Clerk of Court is directed to terminate the motion (ECF 5).

---

[1] On November 15, 2023, the action under docket number 23-CV-8300 was reassigned to Judge Richard Sullivan. Plaintiff voluntarily discontinued that action on January 3, 2024.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 9, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge